STATE OF NORTH CAROLINA v. MICHAEL LYNN SNIDER

No. 8417SC1053

(Filed 3 September 1985)

**1. Homicide § 19— exclusion of evidence of provocation—absence of prejudice**

A defendant convicted of second degree murder was not prejudiced by the trial court's refusal to permit defense counsel to cross-examine State's witnesses concerning deceased's statements to them about how many fights he had been in on the night of his death where the jury was allowed to hear the gist of deceased's conversation with the witnesses in which he advised them to leave because "he had been in so much trouble tonight" and didn't want them to become involved.

**2. Jury § 7.11— death qualification of jury**

The trial court properly denied defendant's pretrial motion to prohibit death qualification of the jury in a prosecution for first degree murder.

APPEAL by defendant from *Beaty, Judge.* Judgment entered 12 April 1984 in Superior Court, SURRY County. Heard in the Court of Appeals 19 August 1985.

Defendant was charged in a proper bill of indictment with the first degree murder of Leo Cagle. The State's evidence tends to show the following: Cagle went out drinking at about 6:30 p.m. on the evening of 23 August 1983. He was seen stunt-driving his moped in the parking lot of the Ice Cream Factory by an employee of that establishment approximately three hours later. The owner also saw defendant in the lot and directed both defendant and Cagle to leave. A few minutes later, three women spoke with Cagle briefly. He told them that he expected trouble and asked them to leave. As they were leaving the parking lot, they saw defendant run up some nearby steps and hit Cagle with a board. Cagle fell down and defendant hit him several more times.

Defendant testified, and his evidence tends to show that after having a few beers, he was on his way home through the parking lot when Cagle greeted him and suddenly grabbed his sunglasses off his face. Defendant grabbed them back and a brief fistfight ensued. Cagle pulled a knife, and defendant retreated down some stairs, falling down on the lower portion. He hit his head and lost consciousness briefly. After regaining con-

sciousness, defendant grabbed a stick, ran up the stairs and hit Cagle.

The jury found defendant guilty of second degree murder, and from a judgment imposing a sentence of 45 years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Appellate Defender Adam Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant, appellant.*

HEDRICK, Chief Judge.

[1] By Assignment of Error No. 2 based on Exceptions Nos. 2 and 3, defendant contends the trial judge erred in not allowing him to bring out on cross-examination of the State's witnesses statements made to those witnesses by the deceased to the effect that "he told us that he had been in about ten fights that night" and "[h]e said he had been in a bunch of fights." Defendant argues that in disallowing this evidence, he was denied the right to show that his conduct with regard to the fatal altercation was provoked by the deceased. The record discloses that the three witnesses in question saw and talked to the deceased approximately five minutes before the defendant ran up the steps and struck Cagle with a board. The witnesses were allowed to tell generally of their conversation with the deceased, and that he, Cagle, advised them to leave the parking lot because "he had been in so much trouble tonight and he didn't want to cause us any problems" (testimony of witness Bonnie Kistler), "You all better go on. I've been in some trouble and don't want you all to get involved" (testimony of witness Carlene Jones), and "You ladies better go on. I don't want to get you all involved in anything" (testimony of witness Frances Sechrist).

Assuming *arguendo* that the testimony in question was not hearsay and was relevant, it is obvious that defendant was not prejudiced in any way by the rulings of the trial judge regarding the admissibility of the testimony, since the jury was allowed to hear the gist of the deceased's conversation with the witnesses. This assignment of error has no merit.

[2]  Defendant's first assignment of error is set out in the record as "[t]he trial court's denial of the defendant's pretrial motion to prohibit death qualification of the jury." In his brief, regarding this assignment of error, defendant says, "Defendant might prefer not to press this claim of error in the Appellate Division of this State, but to pursue it, if necessary, only in a federal forum since the North Carolina Supreme Court has consistently and recently rejected the claim." This assignment of error is likewise without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and COZORT concur.